# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**SHERROD GAMBLE,**

    **Petitioner,**

    v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

    **Respondent.**

Case No. 2:18-cv-1012
JUDGE GEORGE C. SMITH
Chief Magistrate Judge Deavers

## OPINION AND ORDER

On July 8, 2019, the Magistrate Judge issued a *Report and Recommendation* ("R&R") recommending that the petition for habeas corpus relief under 28 U.S.C. § 2254 be dismissed. (ECF No. 9). Petitioner filed *Objections* to the R&R. (ECF No. 14). Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For following reasons, Petitioner's *Objections* (ECF No. 14) are **OVERRULED**. The R&R (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court further **DECLINES** to issue a certificate of appealability ("COA").

In this federal habeas action, Petitioner challenges his conviction for aggravated murder because the prosecution did not present sufficient evidence to prove the prior calculation and design element of that offense under Ohio law. The Magistrate Judge correctly determined that this claim was without merit. Ohio courts look at various factors when analyzing this element including whether the victim and accused knew each other, and if so, was their relationship strained; whether the accused gave thought or preparation to the murder weapon or site; and whether the act was drawn out or an almost instantaneous eruption of events. *State v. Taylor*, 78

Ohio St. 3d 15, 19 (1997). In Petitioner's case, the state appellate court considered these factors and concluded that the jury received evidence to support a finding of prior calculation. The Magistrate Judge determined that this conclusion, which was entitled to a great degree of deference, was reasonable. The state court record supports the Magistrate Judge's assessment. The record contains evidence that Petitioner knew the victim and had argued with him prior to shooting him. (ECF No. 5–1, at PAGE ID # 214, 215–16, 220, 297, 277). The record also contains evidence that the Petitioner did not immediately shoot the victim— the victim walked out of the room where the two had been arguing and Petitioner did not shoot him until after he returned. (*Id*. at PAGE ID # 226–29). Moreover, the record contains evidence that after shooting the victim three times, Petitioner held a gun to the side of the victim's face and shot him a fourth time "execution" style. (*Id*., at PAGE ID # 229, 230, 231–33). Because this record evidence supports a finding of prior calculation and design under Ohio law, the Magistrate Judge correctly determined that the Court cannot conclude that "no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011).

Petitioner objects to this conclusion. Specifically, he asserts that "[t]here is State court record evidence that the petitioner averred that the reason that the victim was shot is that he attacked the petitioner while the petitioner was asleep." (ECF No. 14, at PAGE ID # 745). Petitioner further asserts that "[t]his assertion remains uncontroverted by the record." The record does not, however, contain such an averment from the Petitioner, who did not testify at trial. Indeed, the record reflects that when police interviewed Petitioner, he did not indicate that he had been attacked, but instead indicated that he was not present when the shooting took place. (*Transcript*, ECF No. 5–2, at PAGE ID # 509, 513–15). Two witnesses, however, testified that Petitioner was present. Moreover, although testimony from one of those witnesses suggests that

2

the Petitioner and the victim argued because the victim woke Petitioner from slumber, there is simply no evidence in the state court record that Petitioner was attacked while he was sleeping. (*Id*. at PAGE ID # 225–27).  This objection is without merit.

For all of the foregoing, Petitioner's *Objections* are **OVERRULED**.  (ECF No. 14).  This action is **DISMISSED**.  The R&R is **ADOPTED** and **AFFIRMED**.  (ECF No. 9).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must consider if it will issue a Certificate of Appealability ("COA"). A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA.  28 U.S.C. § 2253(c).  When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).  When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

In this case, the Court is not convinced that jurists of reason could debate whether the Court's determination that the state court's conclusion was reasonable.  The Court, therefore,

**DECLINES** to issue a COA.  The Court further certifies that any appeal would be objectively frivolous and that any motion to proceed in forma pauperis on appeal should be denied.

**IT IS SO ORDERED.**

                                       *s/ George C. Smith*
                                       **GEORGE C. SMITH, JUDGE**
                                       **UNITED STATES DISTRICT COURT**